DE ROSE v. FAY and others.

Dealings between solicitor and client, during the progress of professional business, are jealously scrutinized by the court. In this (partition) case, judgments obtained by a solicitor and the amounts received under a decree, were referred to a master, to ascertain as to their validity and consideration.

THIS was a suit in partition, wherein a sale had taken place and persons had been paid their liens. Among these liens were two judgments entered up, *pendente lite*, in favor of the solicitor of a female defendant in interest. She now presented a petition, insisting upon want of consideration; and claimed that he should refund. He referred to the decree under which he had been paid, dated the seventeenth of April last; attempted to show that the judgments were fairly obtained; and insisted that it was too late to open them or to grant a rehearing.

*July* 29,
1839.

*Attorney
and client.*

Mr. *Richardson*, for the petitioner.

Mr. *Sears*, in *pro. per.*

THE VICE-CHANCELLOR:—All dealings between solicitor and client during the progress of business with which the solicitor is entrusted by his client are to be anxiously scrutinized in equity, in order to protect the client from his own acts done under the influence or ascendancy which the solicitor is supposed to acquire over him. The parties stand on unequal ground; and generally principles of public policy require this care and vigilance on the part of the courts; *Starr* v. *Vanderheyden*, 9 J. R. 253; Merrifield's Law of Attorneys, 71; and authorities there cited.

The present case requires an examination into the consideration of the two judgments which Mr. Sears obtained by confession against his client Mrs. Fay pending the partition suit. The consideration and validity of the judgments are now, for the first time, questioned by the client; and, considering the

VOL. III.—47

relation that subsisted between the parties, it is incumbent on Mr. Sears to prove the considerations particularly. He must show affirmatively for what the judgments were given. The burden of proof is upon him.

There must be a reference to a master to take these proofs; and the order for it will have to be similar in its terms to what was contained in the rule made by the supreme court in *Starr* v. *Vanderheyden, supra.* The particulars must be gone into and proved; and the circumstances under which the indebtedness arose will have to be explained and be reported upon by the master, in order that the court may judge of the propriety of allowing Mr. Sears to retain the money he has received in payment of the judgments.